## Commonwealth *v.* Cornelius Wells Shew, Appellant.

*Criminal law—Murder—Confessions—Question for jury.*

On the trial of an indictment for murder, where confessions of the prisoner have been admitted upon affirmative testimony that they were voluntarily made, the only effect of the prisoner's testimony that they had been extorted from him by promises and threats of the district attorney is to raise a question for the jury. Where this question is submitted to the jury with instructions to disregard the confessions if they were not voluntarily made there is no error.

Argued Jan. 16, 1899. Appeal, No. 399, Jan. T., 1899, by defendant, from judgment of O. & T. Susquehanna Co., April T., 1898, No. 1, on guilty of murder of the first degree. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Indictment for murder.    Before SEARLE, P. J.

The facts appear by the report of Commonwealth v. Eagan, ante, p. 10.

*Error assigned* among others was in admitting the confession made to the district attorney.

*B. O. Camp*, with him *George P. Little*, for appellant.

*W. D. B. Ainey*, with him *A. H. McCollum* and *Searle Mc-Collum*, for the commonwealth.

OPINION BY MR. JUSTICE MITCHELL, February 13, 1899 :

The appellant was indicted jointly with James Eagan but severed in the trial.    Both were convicted of murder of the first degree.    The questions raised upon their appeals are substantially the same, and have been disposed of in the opinion in Eagan's case, filed herewith, ante, p. 10.

Each prisoner made two statements or confessions in which he admitted participation in the crime but sought to put the actual killing upon his confederate.    In Eagan's case no contradiction of the confessions was made by the prisoner or by any witness in his behalf though his counsel argued that the circumstances showed duress.    In the present case, however, Shew went on the stand and testified that the confessions were extorted from him by promises and threats of the district attorney. The confessions had already been admitted in evidence upon affirmative testimony that they were voluntarily made and the only effect of Shew's testimony to the contrary was to raise a question for the jury.    It was properly submitted to them with instructions to disregard the confessions if they found they were not voluntarily made.    In this there was no error.

Judgment affirmed and record remitted for purpose of execution according to law.